Caruthers, J.,
delivered the opinion of the court.
This is an action on the case for libel, or written defamation.
By the agreed case, a single point of law is presented for our decision, and that is, whether the limitation of such action is three years or six months ?
This must depend -upon the proper construction of our act of limitations of 1715, ch. 27, § 5. C. & N., 439.
The words are, (so far as it is necessary for this enquiry,) “actions upon the case, actions of debt for arrearages or rent, actions of detinue, replevin and trespass qua/re clcvusum fregit, shall bé brought within three years next after the cause of such action or suit, and .not after; and the actions of trespass, assault and battery, wounding, imprisonment, or any of them, within one year. * * * * And the said action on the case for words, within six months after the ratification of this act, or within six months after the words spoken, and not after.”
This act differs but little from that of 21 James I, ch. 16, § 3, and was doubtless copied from it with such *172 changes as were considered proper by the Legislature, in view of the difference in the condition of the country and wants and interests of society in this and the mother country. The most prominent alteration is the shortening of the time for the bar of all actions. But the change in relation to this subject, consists in this, that the English act, in prescribing the time in which actions upon the case shall be brought, actions of slander are excepted, thus: “ the said actions upon the case, other than for slander,” to be brought in six years, and the said action on the case for words, within two years next after the words spoken, and not after;” whereas, in our act no such exception is made. Car. & Nich., 770.
It is said that this is an op>en question in this State, but that it came directly before the Supreme Court of Mississippi in the case of Menter vs. Stewart, 2 Howard, 698, and was distinctly decided in the opinion of that court, delivered by Chief Justice Sharkey: with every respect for the adjudications of that court and the able jurist who wrote the opinion, we cannot concur in it, unless it is founded on the peculiar phraseology of the Mississippi statute. That is copied, so far as this question is concerned, from the English act of 21 James I, except that the time is changed from two to one year. It will be observed that there is this striking difference between both the English and Mississippi statutes and ours, in this, they expressly except the action of slander out of the limitation for other actions on the case, and afterwards prescribe a limitation for that action. Our act of 1715 makes no such exception, but leaves the provision to operate upon all actions on. the case, which *173 of course, embraces actions for slander, as well verbal as written; and tbe time for the bar would be three years for any hind of slander if it were not for the exception made at the close of the section, of actions for words spoken, which are limited to six months. We think this distinction between verbal and written defamation is founded on good reasons. Actions for this offence, involving character as they do, generally stir up and excite families, and agitate' and disturb the harmony of whole communities- They are only countenanced for the protection of character against the vile defamer, by holding over him the terrors of the law in its action upon his property, in the way of damages, and the exposure of his infamy by a public investigation, instead of leaving the injured party to avenge his own wrongs by personal violence, endangering the peace of society and the lives of citizens. For these reasons, the courts are opened to the injured party to pursue this peaceful remedy for the redress of his wrongs, and the punishment of the offender. But as slander by words spoken, is supposed to be less injurious to reputation on accoxmt of the excitement in which it generally originated, and the less" permanent and enduring-form in which it is propagated; and because it must be made out by the recollection of witnesses, it is proper to prescribe a shorter time for an action upon it, than where it is perpetuated by writing. In the latter case, there is no danger from time and the failure of memory, in making out the offense correctly. It does not rest upon the frail recollection and excited feelings of friends or foes, by which danger of perjury aud injustice is created. It may also be remarked, that slander *174 by words spoken is apt to gain immediate publicity, and reach the ears of the party injured, when written slander may be for a time concealed, and be so managed as not to come to the knowledge of tlie person slandered in so short a time. The wounds thus inflicted _ may be more lasting, as they are preserved and perpetuated in an enduring form, while defamatory words are easily forgotten, and are liable to pass off with their consequences, into speedy oblivion.
"We think, then, that there are good reasons to suppose that a distinction was intended to be made between the two forms of slander, as to the time of limitation, and that the language of the act should have the plain, ordinary meaning of the words used, given to it.
In thus holding, we are not, as is the case under the Mississippi act, forced into the absurdity of deciding that there is no limitation for actions for written slander. That would have been the result there, of holding that the limitation was confined to cases of verbal slander, because all actions of slander were expressly excepted out of the bar prescribed for actions on the case generally, and the only limit at all upon suits for slander of' any kind, was that for “words spoken.” To avoid this apparent absurdity, the Court there was forced to hold, that unless the term, “words spoken,” included also, “ words written,” there was no limitation of actions for the latter.
Judge Sharkey remarks in the case before cited, “either this section must apply to the case, or there is no limitation at all, for it is clearly excepted out of the operation of the fourth section,” which prescribes the *175 limitation for actions on tlie case, and excepts all actions for slander.
"We are referred to several cases in tire English. Reports, and the opinions of elementary writers on this question, which conflict with the case relied upon in 2 Howard; hut as our judgment is founded upon the peculiar provisions of our own statute, it is unnecessary here to notice them.
We are not called upon, under our act to resort to any forced construction of the language used by the Legislature, to avoid the novel conclusion that one civil action, and that for the worst' of slander, is left without any limitation, which was the necessity forced upon the Court in Mississippi. Our act is plain, sensible and consistent. It fixes the limitation of all actions on the case at three years, with a single distinct exception of an action on the case for slanderous words spoken, or verbal slander, which must be brought in six months. There is, then, no conflict between us and the Supreme Court of Mississippi, as there is a substantial difference between our act and theirs.
The conclusion then is, that'civil actions for a libel, or written slander, fall under the general limitation qf three years, which applies to all other actions on the case, with the single exception above stated.
Thé judgment will be reyersed, and the case remanded for a new trial.